UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:12-CV-00273-BR

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| SOUTHERN GENERAL INS., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on multiple motions.

By way of background, plaintiff initiated this proceeding by filing an application to proceed *in forma pauperis* on 19 September 2012. (DE # 1.) Shortly thereafter, U.S. Magistrate Judge William A. Webb granted plaintiff's application, (DE # 5), and the Clerk filed plaintiff's form complaint. In that complaint, plaintiff names "Souther General Ins.," "John Doe," and "R. Barefoot" as defendants. (DE # 6 at 1.) He alleges that he was a policy holder with Southern General Insurance Company ("Southern General") and was involved in an automobile accident, for which Southern General denied his claim. (Id. at 2-3.) Plaintiff seeks monetary damages for bodily injury, property damage, and pain and suffering. (Id. at 3.) There are no factual allegations in the complaint pertaining to defendants Barefoot or Doe.

On 24 September 2012, plaintiff filed a document entitled "Amended Complaint." (DE # 8.) Directly underneath that title plaintiff lists the following: Civil Rico, Mail Fraud, Wire Fraud, and Honest Services Fraud Subpoena, with the number of "counts" handwritten beside each item. (Id. at 1.) The caption identifies the same defendants as the original complaint,

although it does identify Southern General without abbreviation and Barefoot as "Insurance Adjuster." (Id. at 1.) Within the body of the document, plaintiff alleges facts regarding several accidents in which he was involved and for which Southern General denied all his claims. (Id. at 1-2.) The only allegations which could conceivably apply to defendant Barefoot are plaintiff's contentions that "[t]he insurance adjuster said it [i.e., an automobile accident] was my fault even though the police wrote in his report I was not at fault" and "[t]he adjuster told me I didn't report [another] accident soon enough." (Id. at 2.) He contends that Southern General breached every contract that he and it entered into and that Southern General "runs a fraud scam." (Id.) Plaintiff requests specified monetary damages (in amounts greater than he originally requested in the original complaint) and punitive damages. (Id.) There are no factual allegations regarding defendant Doe, except to the extent plaintiff could be deemed to refer to a hit and run driver involved in one of the described accidents. (See id.)

On 25 September 2012, plaintiff filed another document entitled "Amended Complaint." (DE # 9.) In this document's caption, plaintiff identifies the original defendants but he also has added as defendants "Atlantic Casualty," its apparent CEO, Robert W. Strickland, and Southern General's apparent CEO, Jim Peavy. (Id.) In the body, plaintiff describes a 12 September 2012 automobile accident and states,

> I am charging Atlantic Casualty $25,000.00 in property damages, $100,000.00 dollars for personal injuries and pain and suffering. I charge Atlantic Casualty with 20 counts of Mail fraud, Wire Fraud, and Honesty of Service 20 counts. Every time I made a payment to these companies by mail of [sic] over the wire they stole my money committing fraud.

(Id.) There are no other allegations pertaining to any other defendant.

On 28 September 2012, plaintiff filed a document entitled "Amendment to Complaint."

2

(DE # 13.)  Here, the caption identifies the defendants as Southern General, Barefoot, and "Atlantic Casualty Insurance." (Id. at 1.)  Again, plaintiff describes a number of accidents in which he was involved and for which the defendant insurance companies denied his claims. (Id. at 2-4.)  He contends that the companies breached their contracts with him and that they engaged in mail and wire fraud.  (See id. at 1, 5.)

Defendants Atlantic Casualty Insurance Company and Robert Strickland have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12 and 15 on the grounds that the court lacks subject matter jurisdiction, plaintiff has failed to state a claim, and plaintiff failed to obtain leave of court before the filing of the second and subsequent amended complaints.  (DE # 17.)  Defendants Southern General and Barefoot have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 on the grounds that the court lacks subject matter jurisdiction, plaintiff failed to properly serve Barefoot, and plaintiff has failed to state a claim. (DE # 29.)  Plaintiff has filed responses to the motions as well as multiple motions for summary judgment and other motions.

Before addressing defendants' motions, the court must first determine which complaint is operative.  Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend the complaint *once* as a matter of course within 21 days after service of complaint or 21 days after service of a responsive pleading or a Rule 12(b) motion, whichever is earlier, otherwise he must obtain leave of court or written consent of the other parties.  Here, plaintiff filed his first amendment to the complaint, (DE # 8), within four days of filing the original complaint and before any defendant was purportedly served with the complaint, (DE ## 15-16, 19-21), and obviously before any jurisdictional challenge was raised.  Having been within the time period to

3

amend as of right, this amended complaint supersedes the original complaint and is operative. See Connectu LLC v. Zuckerberg, 552 F.3d 82, 95-96 (1st Cir. 2008) (finding that where amended complaint was filed as of right, it became operative complaint for purposes of determining subject matter jurisdiction). Plaintiff's subsequent attempts at amendment as of right are of no effect.[1] See Harbeck v. Smith, 814 F. Supp. 2d 608, 633 (E.D. Va. 2011) (recognizing that court has discretion not to consider amended complaint filed in violation of Rule 15(a) as "'[f]iling an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity'" (quoting Friedman v. Skokie, 763 F.2d 236, 239 (7th Cir. 1985) (alteration in original)).

As noted above, in his first amended complaint, plaintiff has sued Southern General, Barefoot, and a Doe defendant complaining that Southern General denied his insurance claims related to certain automobile accidents, thereby breaching each contract it had with plaintiff. (DE # 8, at 1-2.) Because plaintiff and Barefoot are both North Carolina citizens, (see DE # 6, at 1 (alleging plaintiff resides in Wilmington, North Carolina); Barefoot Aff., DE # 29-1, ¶ 2 ("At all times during the past ten years, I have been a citizen and resident of Forsyth County, North Carolina[.]")), diversity jurisdiction does not exists. See Owen Equip. & Erection, Co. v. Kroger, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphases in original)). By including various federal statutes in the caption of the amended complaint, (DE # 8, at 1), plaintiff appears to attempt to state federal claims to provide the court with an alternative basis for exercising subject matter jurisdiction. However, the court finds that plaintiff cannot state a claim under any

---

[1] Even if the court considered the subsequent amendments to the complaint, it would not change the court's analysis.

of the cited laws.[2]  See Carvel v. Ross, No. 09 Civ. 0722(LAK)(JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (report and recommendation) (dismissal of plaintiff's claim for honest services fraud under 18 U.S.C. § 1346 pursuant to Rule 12(b)(6) because a private right of action for a violation of that law does not exist), adopted, 2011 WL 867568 (S.D.N.Y. March 11, 2011); Baker v. Sturdy Built Mfg., Inc., No. 3:07CV212-HEH, 2007 WL 3124881, at *3 (E.D. Va. Oct. 23, 2007) (dismissing plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim for failure to particularly plead fraud and a pattern of racketeering activity and recognizing that "[p]laintiff's Complaint boils down to a series of contract disputes between a construction company and its disgruntled customers" constituting "commonplace commercial controversies" to which "RICO was never intended to be applied"); Uhre v. Emmer A. Larkin Co., 205 F. Supp. 2d 475, 478 (D. Md. 2002) ("'No private right of action exists for mail fraud, or for wire fraud.'" (quoting Baker v. Data Dynamics, Inc., 561 F. Supp. 1161, 1166 (W.D.N.C. 1983)).

Because plaintiff has failed to state any federal claims and because the parties are not diverse,[3] the motions to dismiss are GRANTED, and this case is DISMISSED.  Plaintiff's

---

[2] In his filing entitled "Answer to Dismiss amended complaints," (DE # 23), plaintiff also refers to defendants' violation of the Cheaper Car Insurance Act of 2010, S. 3546, 111th Cong. (2010).  Congress has not enacted that law so it cannot form the basis for any liability here.

[3] Based on these conclusions, the court will not award defendants Southern General and Barefoot attorneys' fees and costs in accordance with N.C. Gen. Stat. § 1D-45 (which pertains to a frivolous claim for punitive damages) as they request.

5

motions are DENIED.  The Clerk is DIRECTED to close this case.

This 14 March 2013.

                                                   W. Earl Britt
                                                   Senior U.S. District Judge